**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Lee A. KUESPERT,
Defendant-Appellant.**

No. 84–3094.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 4, 1985.

Decided Oct. 11, 1985.

Sally R. Gustafson, Bill Glueck, Asst. U.S. Attys., Seattle, Wash., for plaintiff-appellee.

Sinsheimer & Meltzer, Inc., P.S., Ronald J. Meltzer, Seattle, Wash., for defendant-appellant.

OPINION

Before EUGENE A. WRIGHT, PREGERSON, and ALARCON, Circuit Judges.

PREGERSON, Circuit Judge:

Lee A. Kuespert appeals his conviction on a conditional guilty plea[1] for unlawfully possessing United States Treasury checks in violation of 18 U.S.C. § 1708. Kuespert contends that the district court erred in denying his motion to suppress because he had a legitimate expectation of privacy in the Treasury checks found on his codefendant Johnson, who was a passenger in the car driven by Kuespert. We affirm.

Police officers stopped a vehicle driven by Kuespert, searched the occupants of the vehicle, and found stolen United States Treasury checks in the waistband of Johnson, a passenger in the back seat. On pretrial motions to suppress, the district court found that the "Terry stop" of the car, *see Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), had been unreasonable and granted Johnson's motion to suppress the Treasury checks. The court denied Kuespert's motion to suppress the Treasury checks seized from Johnson's person, and the Government was not precluded from introducing in evidence the checks, which also bore the fingerprints of Kuespert, to show his unlawful possession of stolen mail.

Where the facts are not in dispute, this court may review the question of standing de novo. *United States v. Pollock*, 726 F.2d 1456, 1465 (9th Cir.1984); *see also United States v. McConney*, 728 F.2d 1195, 1201 (9th Cir.) (en banc), *cert. denied*, — U.S. ——, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984). A person who is aggrieved by an illegal search or seizure only because the Government seeks to introduce damaging evidence secured by a search of a third

---

1. Fed.R.Crim.P. 11(a)(2) provides that:
   With the approval of the court and the consent of the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion. If the defendant prevails on appeal, he shall be allowed to withdraw his plea.

person's premises or property has not had his Fourth Amendment rights infringed. *Rakas v. Illinois*, 439 U.S. 128, 134, 99 S.Ct. 421, 425, 58 L.Ed.2d 387 (1978). A person may contest the legality of a search only if he possessed a "legitimate expectation of privacy" in the place searched. *Id.* at 143, 99 S.Ct. at 430. The narrow question here is whether Kuespert, by acting jointly with Johnson to conceal the Treasury checks on Johnson, shared with him a legitimate expectation of privacy in Johnson's person. Although Kuespert may have had a subjective expectation of privacy based on an agreement with his codefendant Johnson to conceal the Treasury checks in his waistband, that expectation is not one that society is prepared to recognize as reasonable. *See Smith v. Maryland*, 442 U.S. 735, 740, 99 S.Ct. 2577, 2580, 61 L.Ed.2d 220 (1979); *United States v. Nadler*, 698 F.2d 995, 999 (9th Cir.1983). The critical inquiry centers on the kind of intrusion that a free society is willing to tolerate. *United States v. Solis*, 536 F.2d 880, 881 (9th Cir.1976).

This court has held that a defendant does not have standing to challenge the legality of the search of a codefendant's body cavity. *United States v. Johnson*, 454 F.2d 700, 701 (9th Cir.1972). Here, Kuespert was not the person against whom the search was directed, *Diaz-Rosendo v. United States*, 357 F.2d 124, 131 (9th Cir.), *cert. denied*, 385 U.S. 856, 87 S.Ct. 104, 17 L.Ed.2d 83 (1966), nor could he reasonably assert control or supervision over Johnson's person or exclude others from access to Johnson. *See Rakas v. Illinois*, 439 U.S. 128, 149, 99 S.Ct. 421, 433, 58 L.Ed.2d 387 (1978); *United States v. Pollack*, 726 F.2d 1456, 1465 (9th Cir.1984); *United States v. Medina-Verdugo*, 637 F.2d 649, 652 (9th Cir.1980).

Kuespert's reliance on this court's holdings in *United States v. Jones*, 707 F.2d 1093, 1100 (9th Cir.1983), *rev'd on other grounds*, —— U.S. ——, 105 S.Ct. 881, 83 L.Ed.2d 890 (1985) and *United States v. Perez*, 689 F.2d 1336, 1338 (9th Cir.1982) is misplaced. Even assuming an agreement between Kuespert and Johnson for John-

son to conceal the checks on his person, *Jones* and *Perez* are readily distinguishable because Kuespert used another person as a hiding place rather than an inanimate object under his control. Unlike a house, a truck, or a package, one cannot acquire a right to exclude others from access to a third person. *United States v. Brown*, 743 F.2d 1505 (11th Cir.1984) (a defendant who acted jointly with a codefendant to conceal cocaine on the latter's person did not share a legitimate privacy interest in contraband hidden on that person). Furthermore, although Kuespert, as the driver of the vehicle, may have standing to challenge the search of the car, *United States v. Portillo*, 633 F.2d 1313, 1317 (9th Cir.1980), *cert. denied*, 450 U.S. 1043, 101 S.Ct. 1764, 68 L.Ed.2d 241 (1981), this does not encompass the search of its passengers as well.

AFFIRMED.