UNITED STATES of America, Plaintiff/Appellee,

v.

Edgar SALAZAR, Defendant/Appellant.

No. 85–5181.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 3, 1986.

Decided Dec. 11, 1986.

Manuel A. Medrano, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff/appellee.

Joseph T. Vodney, Los Angeles, Cal., for defendant/appellant.

Before BOOCHEVER, NORRIS, and HALL, Circuit Judges.

BOOCHEVER, Circuit Judge:

Edgar Salazar appeals his conviction on a conditional guilty plea for possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) (1982). The appeal involves one of the more technical distinctions that has evolved in enforcing the fourth amendment's guaranty against unreasonable searches and seizures. Salazar contends that the district court erred in denying his motion to suppress the evidence found in a paper bag after a warrantless search. We hold that the district court erred when it found the search reasonable under the automobile exception to the requirement of a search warrant. Although the search may be justified as incident to an arrest, we reverse and remand in accordance with the views expressed in *Giordenello v. United States*, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958).

## FACTS

Los Angeles area police mounted an operation against a cocaine distribution ring headed by Guarin and Penagos. Undercover officers purchased ten kilograms of cocaine from them, maintained surveillance

of their apartment, and followed them when they delivered suspicious looking packages to others. Police stopped several of these other individuals who had received deliveries from Guarin and Penagos and found cocaine in the packages. Other officers, aware of these discoveries, followed Guarin and Penagos to a restaurant. Officers observed Guarin and Penagos transfer a brown shopping bag to Salazar, who placed it in a Datsun and locked the car. Salazar reentered the restaurant, and after Guarin and Penagos left, Salazar and three other people entered the Datsun and drove off. Salazar was in the right rear seat. Officers stopped the Datsun and ordered the four occupants out of the vehicle. Acting without a search warrant, the officers opened the shopping bag, which was found on the floorboard where Salazar had been seated, and discovered two kilograms of cocaine. Salazar and the three other occupants were then arrested.

Salazar was indicted on two narcotics counts and pleaded not guilty. He filed a declaration asserting ownership of the bag and its contents and moved to suppress the evidence. After a hearing, the court, relying on the "automobile exception," denied the motion. *See United States v. Ross*, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). Salazar entered a conditional guilty plea pursuant to Fed.R.Crim.P. 11. He appealed the denial of his motion to suppress.

## DISCUSSION

I. Standing

■ The court reviews de novo the question of standing where no facts are in dispute. *United States v. Kuespert*, 773 F.2d 1066, 1067 (9th Cir.1985). The Supreme Court has held that the question of "standing" cannot be considered distinct from the merits of a defendant's fourth amendment claim. *Rakas v. Illinois*, 439 U.S. 128, 138–39, 99 S.Ct. 421, 427–28, 58 L.Ed.2d 387 (1978). To assert and receive the protection of the fourth amendment, Salazar must demonstrate a justifiable expectation of privacy. *See New Jersey v. T.L.O.*, 469 U.S. 325, 337, 105 S.Ct. 733, 741, 83 L.Ed.2d 720 (1985). That justifiable expectation consists of two aspects: Salazar must show

a subjective expectation of privacy in the area searched and the expectation must be one that society is "prepared to recognize as legitimate." *Hudson v. Palmer*, 468 U.S. 517, 526, 104 S.Ct. 3194, 3200, 82 L.Ed.2d 393 (1984).

■ In *Rakas*, the Supreme Court held Rakas had no standing as "merely" a car passenger to contest the search of "areas in which a passenger *qua* passenger simply would not normally have a legitimate expectation of privacy." *Rakas*, 439 U.S. at 148–49, 99 S.Ct. at 432–33. In contrast, Salazar contests the search of a closed container, placed out of sight on the floorboard where he was sitting, and "abandoned" only when he was ordered out of the car by police. While the court in *United States v. Portillo*, 633 F.2d 1313 (9th Cir.1980), *cert. denied*, 450 U.S. 1043, 101 S.Ct. 1763, 68 L.Ed.2d 241 (1981), notes that when there is no reasonable expectation of privacy, an assertion of ownership does not change the outcome, *id.* at 1316 n. 1, here Salazar's assertion of an interest in the property seized adds to his argument for standing. *Rakas* emphasized, as a reason for denying standing, that the petitioner asserted no interest in the property seized. 439 U.S. at 148, 99 S.Ct. at 433. In *Arkansas v. Sanders*, 442 U.S. 753, 761 n. 8, 99 S.Ct. 2586, 2592 n. 8, 61 L.Ed.2d 235 (1979), the Court noted that the defendant conceded that the suitcase was his property, "and so there is no question of his standing to challenge the search." Our situation is similar and we find Salazar has standing.

II. Warrantless Search

**A. Automobile Exception**

The district court's finding of probable cause is reviewable de novo, *United States v. Howard*, 758 F.2d 1318, 1319 (9th Cir. 1985), as are its legal interpretations of the warrant exception. *United States v. McConney*, 728 F.2d 1195, 1202–04 (9th Cir.) (en banc), *cert. denied*, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984). Thus, we must determine whether the search came within an exception to the general

requirement for a warrant. The government argues that it had probable cause to search the entire vehicle and therefore, under the automobile exception, *see Ross*, 456 U.S. at 825, 102 S.Ct. at 2173, no search warrant was needed to search any container in the vehicle. *Ross* stated that if "probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." *Id.*

But *Ross* applies only if the police had probable cause to search the entire vehicle, rather than the paper bag. The police officer believed that the paper bag given by Guarin and Penagos to Salazar and transferred by him to the Datsun contained cocaine. The officer did not focus upon the Datsun, but only on the container because it was furnished by the leaders of the distribution ring. While there is no specific finding by the district court, the transcript of the suppression hearing indicates that the basis for the district court's finding of probable cause related only to the contents of the paper bag, rather than to the general contents of the car. The court commented: "[I]f they heard from reliable informants that there is cocaine in the package ... [t]hey can open it up."[1]

Because in this case the probable cause focused on the paper bag itself, not on the entire vehicle, the warrant requirement applies to the paper bag. *Sanders*

holds that there is "no greater need for warrantless searches of [containers] taken from automobiles than of [containers] taken from other places," and that containers located in automobiles are not "necessarily attended by any lesser expectation of privacy than is associated with [containers] taken from other locations." 442 U.S. at 764, 99 S.Ct. at 2593. The Supreme Court has distinguished between searches of containers found in a car based upon probable cause that a specific container placed in a car contains contraband, and searches based upon a generalized belief that a car contains contraband somewhere inside. In the latter case, the entire vehicle including closed containers found therein may be searched to the same extent as if a magistrate had issued a warrant based on the probable cause relied on by the officers. *Ross*, 456 U.S. at 823, 102 S.Ct. at 2172. Where, prior to a search, officers have probable cause to believe that a specific closed container holds contraband, however, they must obtain a search warrant before opening it, even though it is located in an automobile. *United States v. Chadwick*, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977); *see Ross*, 456 U.S. at 813, 102 S.Ct. at 2166 (quoting Chief Justice Burger's concurrence in *Sanders*, 442 U.S. at 766–67, 99 S.Ct. at 2594). *See also Castleberry v. State*, 678 P.2d 720 (Okla.Crim. App.1984), *aff'd by equally divided Court sub nom. Oklahoma v. Castleberry*, 471

---

1. The court also stated:

    And here [Officer Darley] sees Guarin and Penagos exit the private complex and enter a Plymouth Duster, then went to Denny's Restaurant where Penagos exited the Duster, entered the restaurant and later Salazar came out of it, came out and entered the Duster and drove to a parking lot, where Salazar exited it, carrying a brown shopping bag. He was carrying it....

    And he walked over to the Datsun vehicle and placed the bag inside the car and locked it.

    Now, then he exited it, accompanied by three Latin males, and he entered the Datsun with Salazar in the right rear seat, and drove eastbound, was stopped by a marked police unit.

The four occupants were ordered out and the search of the Datsun revealed a brown paper bag.

    You can't tell me they had any expectation of privacy or that this officer did not in good faith believe that there was cocaine in that bag.

Further:

    Because he was seen carrying the bag.... So he had to get it from someplace. He got it from those two fellows....

    [Darley] says they came out of this—the De Anza address, which was the headquarters of the drug deals....

And:

    [I]f you know that the bag is sitting in the car and that the bag has got cocaine in it to the best of your knowledge and belief, and you have a reasonable basis for that knowledge and belief, ..., you can search that car.

U.S. 146, 105 S.Ct. 1859, 85 L.Ed.2d 112 (1985).

Here, as in *Sanders*, the police officers could have taken the container seized with probable cause, along with the suspect, to the police station and obtained a warrant for the search. *See Sanders*, 442 U.S. at 766, 99 S.Ct. at 2594. A closed paper bag shares the same degree of fourth amendment protection as the footlocker in *Chadwick* and the unlocked suitcase in *Sanders*. The Supreme Court in *Ross* declared that:

> a constitutional distinction between "worthy" and "unworthy" containers would be improper. Even though such a distinction perhaps could evolve in a series of cases in which paper bags, locked trunks, lunch buckets, and orange crates were placed on one side of the line or the other, the central purpose of the Fourth Amendment forecloses such a distinction. For just as the most frail cottage in the kingdom is absolutely entitled to the same guarantees of privacy as the most majestic mansion, so also may a traveler who carries a toothbrush and a few articles of clothing in a paper bag or knotted scarf claim an equal right to conceal his possessions from official inspection as the sophisticated executive with the locked attache case.

456 U.S. at 822, 102 S.Ct. at 2171 (footnote omitted).

Our decision in *United States v. Wiecking*, 757 F.2d 969, 971 (9th Cir.1983), may be viewed as holding that even though there was probable cause to believe that a specific plastic bag containing stolen headphones had been placed in a vehicle, the bag could be searched under the automobile exception to the warrant requirement. The case is probably distinguishable on its facts, but if not, it has been overruled by *Castleberry*. There, police received a tip that Castleberry was carrying drugs in his suitcase. When officers approached Castleberry near his car, Castleberry hastily put the containers in the car and locked it. Officers opened the car, searched the containers, and found drugs. The Oklahoma court held that the search was illegal under *Ross* and *Sanders* because when officers

only have "probable cause to believe there is contraband in a specific container in the car, [they] must detain the container and delay [the] search until a search warrant is obtained." *Castleberry*, 678 P.2d at 724. The Supreme Court affirmed this interpretation. 471 U.S. at 146, 105 S.Ct. at 1859. The district court therefore erred in concluding that the automobile exception is broad enough to cover closed containers found in cars when the police have probable cause to search only that container.

## B. Search Incident to Arrest

It is arguable that the evidence should be admitted under the warrant exception for searches incident to lawful arrest. The district court indicated that there was probable cause to arrest Salazar, independent of the search of the paper bag. The court stated in a context indicating that it was referring to the period before the bag was searched: "My answer to that is that an officer that didn't arrest Salazar would be a fool, which means that he was reasonable."

The record shows that the officers may have had probable cause to arrest Salazar before they searched the paper bag. The officers had notice of the undercover buy of cocaine from Guarin and had been informed of the prior arrests and discoveries of cocaine in packages delivered by Guarin and Penagos. Their surveillance clearly linked Salazar's paper bag to two known narcotics traffickers. *Cf. United States v. Hillison*, 733 F.2d 692, 697–98 (9th Cir. 1984) (reasonable circumstances to infer participation in criminal enterprise).

While the government has the burden of establishing the availability of an exception to the warrant requirement, *United States v. Jeffers*, 342 U.S. 48, 51, 72 S.Ct. 93, 95, 96 L.Ed. 59 (1951); *United States v. Whitten*, 706 F.2d 1000, 1016 (9th Cir.1983), *cert. denied*, 465 U.S. 1100, 104 S.Ct. 1593, 80 L.Ed.2d 125 (1984), "[i]t is settled Fourth Amendment doctrine that a police officer may, incident to a lawful arrest, conduct a contemporaneous warrantless search ..." of the arrestee and the

surrounding area. *United States v. Burnette*, 698 F.2d 1038, 1049 (9th Cir.), *cert. denied*, 461 U.S. 936, 103 S.Ct. 2106, 77 L.Ed.2d 312 (1983) (citing *New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981) and *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969)).

■ If the police had probable cause to place Salazar under arrest and the fruits of the search of the bag were not necessary to support that probable cause, the Supreme Court's holding in *Rawlings v. Kentucky*, 448 U.S. 98, 111 & n. 6, 100 S.Ct. 2556, 2564 & n. 6, 65 L.Ed.2d 633 (1980), controls. The Court there upheld a search as incident to a suspect's formal arrest in a situation similar to ours. The Court stated that "[w]here the formal arrest followed quickly on the heels of the challenged search ..., we do not believe it particularly important that the search preceded the arrest rather than vice versa." *Id.* at 111, 100 S.Ct. at 2564. *See also United States v. Murray*, 492 F.2d 178, 188 (9th Cir.1973), *cert. denied*, 419 U.S. 942, 95 S.Ct. 210, 42 L.Ed.2d 166 (1974). Thus, it is not particularly important in this case that the formal arrest followed rather than preceded the search, for the search is still valid as incident to the lawful arrest if it did not exceed the scope of the exception.

The police, after removing the occupants of the car, searched the car and the closed bag on the rear floorboard. That search comes within the permissible boundaries of the "incident to arrest" exception established by the Supreme Court in *New York v. Belton:*

[W]e hold that when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile.

It follows from this conclusion that the police may also examine the contents of any containers found within the passenger compartment, for if the passenger compartment is within reach of the arrestee, so also will containers in it be within his reach. Such a container may, of course, be searched whether it is open or closed, since the justification for the search is not that the arrestee has no privacy interest in the container, but that the lawful custodial arrest justifies the infringement of any privacy interest the arrestee may have.... "A custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment; that intrusion being lawful, a search incident to the arrest requires no additional justification." [*United States v. Robinson*, 414 U.S. 218, 235 [94 S.Ct. 467, 476, 38 L.Ed.2d 427] (1973)]

453 U.S. at 460–61, 101 S.Ct. at 2864 (footnotes and citations omitted); *see also United States v. Thornton*, 710 F.2d 513, 515 (9th Cir.1983).

Generally, we may affirm "on any basis fairly presented by [the] record that, as a matter of law, sustains the judgment." *Burnette*, 698 F.2d at 1048. We are bound, however, by *Giordenello v. United States*, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958), which forecloses our affirming the district court's judgment based upon this exception to the warrant requirement. Giordenello contested the admission of evidence obtained with an invalid arrest warrant. The government argued for the first time before the Supreme Court that the federal officers had probable cause necessary for the arrest apart from the warrant. The search of Giordenello, therefore, was justifiable as a search incident to a lawful arrest. The Court rejected this justification, holding that permitting the government to advance belatedly this new theory would unfairly deprive Giordenello of an adequate opportunity to respond to the government's factual alegations pertinent to the theory. Giordenello was entitled to assume that the warrant constituted the only justification for arrest and had no reason to adduce evidence to rebut the factual contentions the government made for the first time before the Court. *Id.* at 488, 78 S.Ct. at 1251.

■ At oral argument we sua sponte raised the question of whether the warrantless search could be justified as a search

incident to a lawful arrest. This question could be answered affirmatively only if the officers had probable cause necessary to arrest Salazar without a warrant. The only probable cause raised in the district court was for the automobile exception. Since probable cause for a warrantless arrest was not at issue, we cannot uphold the conviction based on a theory raised sua sponte as it would unfairly deprive Salazar of the opportunity to adduce evidence in his favor. Guided by *Giordenello*, we may not send this case back to the district court for a special hearing on the issue of whether there was probable cause to arrest, which would justify the search. 357 U.S. at 488, 78 S.Ct. at 1251. We must therefore reverse the judgment of the district court. In the event of a new trial, however, the government may seek to justify Salazar's warrantless arrest on this legal basis. *See id.*

### CONCLUSION

We conclude that the district court erred in holding that probable cause to search a specific container is broad enough to justify a warrantless search under the automobile exception. While noting the possibility of another justification for upholding the validity of Salazar's arrest, we must follow *Giordenello* and accordingly set aside Salazar's conviction. The judgment of the district court is reversed and the case is remanded for consideration of a new trial in accordance with this opinion.

REVERSED and REMANDED.