UNITED STATES of America,
Plaintiff–Appellee,

v.

Jose SANCHEZ, Defendant–Appellant.

No. 90–50263.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 2, 1991.

Submission Vacated April 22, 1991.

Resubmitted July 17, 1991.

Decided Sept. 10, 1991.

Before SCHROEDER and REINHARDT, Circuit Judges, and KING,* District Judge.

SCHROEDER, Circuit Judge:

Jose Sanchez appeals his conviction and sentence, following a jury trial, for conspiracy to possess with the intent to distribute cocaine, possession with the intent to distribute 20 kilograms of cocaine, and use of a firearm during a drug trafficking offense, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and 18 U.S.C. § 924(c)(1), respectively. He contends that the district court erred in admitting as evidence 19 kilograms of cocaine that were found in a plastic bag in the trunk of his car during a warrantless search of that car. He also maintains that he should have been granted a new trial because during closing argument the prosecutor improperly vouched for a government witness. We affirm.

## THE SEARCH

Sanchez was arrested after he participated in a sale of cocaine to an undercover agent. That agent had agreed to purchase 20 kilograms of cocaine from one John Morales. At the appointed time, Sanchez arrived at Morales' apartment and met with Morales and the agent. He showed the agent a package containing one kilogram of cocaine, and the agent asked to see the rest. Sanchez then took Morales and the agent to his car, opened the trunk, and pointed to a plastic bag inside the trunk. The agent insisted on seeing the contents of the bag, which Sanchez opened to show the agent that it contained kilogram packages of the type that the agent knew to be used for cocaine. The three men returned to Morales' apartment briefly, and then Sanchez and the agent left the apartment. Sanchez got into the driver's seat of his car and was arrested. Upon his arrest, Sanchez' car was searched, and the 19 kilograms of cocaine, as well as a gun, were retrieved.

■■■ Under *United States v. Ross*, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982), a legitimately stopped automobile may be searched without a warrant if those conducting the search have probable cause to believe that there is contraband in the automobile. Sanchez does not argue that his automobile was not legitimately stopped, or that there was no probable cause to search his automobile at the time of his arrest. Rather, he contends that because the agents knew that the contraband for which they were searching was in a specific container within the automobile, they were required to get a warrant to search that container. As Sanchez points out, this court has held that where probable cause focuses on a specific container within a vehicle, as opposed to the entire vehicle, officers must obtain a search warrant before opening the container. *United States v. Salazar*, 805 F.2d 1394, 1396–98 (9th Cir.1986). Under this rule, Sanchez contends, the agents could not open the package containing the cocaine, because they already knew that the cocaine was in the package.

The Supreme Court has now squarely held that police may search a container located within an automobile under the "automobile exception" of *Ross*, even though probable cause for the search focused upon the container itself and not upon the automobile as a whole. *California v. Acevedo*, —— U.S. ——, 111 S.Ct. 1982, 114 L.Ed.2d 619 (1991). In so holding the court expressly rejected the rule articulated in *United States v. Chadwick*, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977), and *Arkansas v. Sanders*, 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979), which had set up a distinction between probable cause to search automobiles and probable cause to search the containers within them, and on which this court relied in *Salazar*. Under those cases, the "automobile exception" did not apply to searches of containers within automobiles if probable cause for the search focused on the container itself. Under *Acevedo*, however, the probable cause that supported the search of Sanchez' automobile was also sufficient to jus-

* Honorable Samuel P. King, Senior District Judge for the District of Hawaii, sitting by desig- nation.

tify the warrantless search of the bag in the trunk of that automobile.

Sanchez concedes that his case is virtually indistinguishable from *Acevedo*. He argues, however, that *Acevedo* should not apply because it had not yet been decided at the time of the search he now. challenges. Since *Acevedo* expressly overruled the *Chadwick–Sanders* rule, he argues, it should not be applied retroactively. Rather, the propriety of the search of his automobile should be judged under the *Chadwick–Sanders* rule, which was in effect at the time of the search.

This position is contrary to settled law. The Supreme Court has specifically stated that any new rule in the area of criminal law applies retroactively "to all cases ... pending on direct review or not yet final, with no exception for cases in which the rule constitutes a 'clear break' with the past." *Griffith v. Kentucky,* 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987). We have interpreted this directive to mean that in cases on direct appeal, any "newly announced rule" for criminal prosecutions "must be applied retroactively." *United States v. France,* 886 F.2d 223, 227 (9th Cir.1989), *aff'd,* — U.S. —, 111 S.Ct. 805, 112 L.Ed.2d 836, *reh'g denied,* — U.S. —, 111 S.Ct. 1125, 113 L.Ed.2d 233 (1991). Thus, because Sanchez' challenge to the search of his automobile comes before us on direct appeal, we must apply the rule articulated in *Acevedo*. Accordingly, we find that the contents of the package were properly admitted at trial.

### IMPROPER VOUCHING

■ The government concedes that during closing argument the Assistant United States Attorney improperly vouched for the credibility of a government witness. Specifically, that attorney reminded the jury of that witness' testimony, and then told them: "That is the truth, ladies and gentlemen, ... [h]e told me about this." Sanchez argues that this vouching deprived him of a fair trial, and that as a result he should be granted a new trial. We grant a new trial for prosecutorial misconduct only where, considered in the context of the entire trial, the prosecutor's conduct seems likely to have affected the jury's discharge of its duty to judge the evidence fairly. *United States v. Simtob,* 901 F.2d 799 (9th Cir.1990). We do not find such prejudice here.

The witness whose credibility was improperly bolstered had testified only to the circumstances under which the gun had been recovered at the time of Sanchez' arrest. The fact that this gun had been found under the driver's seat of the car that Sanchez was driving, however, was the subject of a stipulation. The district judge nevertheless interrupted closing argument at the point of the improper vouching, admonished the government attorney and gave a cautionary instruction to the jurors, telling them that the prosecutor was not permitted to testify as to what the witness told him and that they should not consider the prosecutor's comments concerning this conversation. Later, during jury instructions, the district judge again told the jury that the vouching was improper and should be disregarded. The tangential nature of the evidence offered by this witness, coupled with the curative instructions given by the district court, removed any possible prejudice to Sanchez from the improper vouching. *See Simtob,* 901 F.2d at 806 (in determining prejudice to defendant, court inquires into substance of curative instruction and importance of the testimony in question to the prosecutor's case). He is not entitled to a new trial.

AFFIRMED.