951 F.2d 364
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tyrone Jerome TOWNSEND, Defendant-Appellant.
 No. 90-50167.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 8, 1991.*
Decided Dec. 12, 1991.
 
 Before JAMES R. BROWNING, ALARCON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Tyrone Jerome Townsend appeals his conviction for being a felon knowingly in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He argues (1) that the district court erred in denying his motion to suppress evidence gained by police in a warrantless search of his automobile, and (2) that there was insufficient evidence to convict him. We affirm.
 
 I. SUPPRESSION OF EVIDENCE
 
 3
 The police did not have a warrant to search Townsend's car, therefore the search must have been reasonable under circumstances which fall within the parameters of a specifically established exception. United States v. Howard, 828 F.2d 552, 554 (9th Cir.1987). At issue in this case are the consent and automobile exceptions.
 
 
 4
 (1) Consent Exception
 
 
 5
 Townsend claims that his consent was coerced because the police threatened to destroy his car, and that the police went beyond the scope of his consent because he did not specifically agree to a search of the closed briefcase.
 
 
 6
 Whether Townsend voluntarily consented to the search is a credibility determination that is properly left to the trier of fact who was in the position to observe both the defendant and the police officers. United States v. Vasquez, 858 F.2d 1387, 1391 (9th Cir.1988), cert. denied, 488 U.S. 1034, and cert. denied sub nom., Arias Gomez v. United States, 489 U.S. 1029 (1989). In the swearing match between the police officers and Townsend, it was not erroneous for the court to choose to believe the officers.
 
 
 7
 As to the question of scope, it is reasonable the court would believe that defendant's consent to search the automobile impliedly included consent to search its contents.
 
 
 8
 (2) Automobile Exception
 
 
 9
 In United States v. Ross, 456 U.S. 798 (1982), the Supreme Court articulated the automobile exception to the warrant requirement holding that "[if] probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." Id. at 825.
 
 
 10
 The defendant argues two points. First, that the government did not have probable cause to search the automobile in general. Second, that the search of the briefcase was not protected by the automobile exception.
 
 
 11
 i. Probable Cause to Search the Automobile
 
 
 12
 Defendant argues that merely finding cocaine on his person did not give police probable cause to assume that further cocaine or any other contraband would be found in the car.
 
 
 13
 We find that there were factors creating probable cause for police to search Townsend's car. First, the detailed information provided by the anonymous informant was proving to be true. Second, Townsend attempted to conceal a bag containing rock cocaine when the police approached him. And, third, Townsend admitted that there was money in the trunk.
 
 
 14
 ii. Fourth Amendment Protection of the Briefcase
 
 
 15
 Townsend argues that if the police had probable cause at all, it was only to search the briefcase, not the entire car. He continues that probable cause to search a specific container in the car, rather than the car in general, does not give rise to the automobile exception. He relies on this court's decision in United States v. Salazar, 805 F.2d 1394 (9th Cir.1986), which follows the Supreme Court's decision in Arkansas v. Sanders, 442 U.S. 753 (1979).
 
 
 16
 Although it is doubtful that Salazar is applicable to the facts of this case, such analysis is unnecessary because Salazar has been overturned by a recent Supreme Court decision. See California v. Acevedo, --- U.S. ----, 111 S.Ct. 1982, 114 L.Ed.2d 619 (1991) (the automobile exception is invoked where there is probable cause to search a container in a car, even though there is no probable cause to search the entire car.)
 
 II. SUFFICIENCY OF THE EVIDENCE
 
 17
 Townsend claims that the government did not prove beyond a reasonable doubt the essential element of knowledge required to convict under 18 U.S.C. § 922(g)(1). Specifically, he claims that the government failed to prove that he knew a gun was in the briefcase.
 
 
 18
 We find there was sufficient evidence presented at trial for a jury to have reasonably concluded that Townsend knew the gun was in the briefcase. The contents of the briefcase consisted of Townsend's personal belongings, including his money, prison card, the card of his personal parole officer, and personal photographs. Since he admitted that he placed the money in the briefcase on the day he was arrested, it is reasonable to infer that he had knowledge of its other contents. Further, Townsend's statement when the gun was discovered ("You've got me good this time, I'm still on parole") reasonably indicates his knowledge because status as a parolee was relevant to gun possession, not cocaine possession. Even conceding Townsend's argument that the statement at the police station merely related to information he had just learned, there was more than enough other evidence to justify the jury's verdict.
 
 
 19
 Townsend's conviction is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3