951 F.2d 364
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paul Leo KOENINGS, Defendant-Appellant.
 No. 90-50492.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 12, 1991.*
Decided Dec. 18, 1991.
 
 Before WALLACE, Chief Judge, and SCHROEDER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Paul Leo Koenings appeals his conviction, following entry of a conditional guilty plea, for one count of bank robbery in violation of 18 U.S.C. § 2113(a). Koenings contends that the district court erred by denying his motion to suppress evidence that would not have been recovered but for an illegal stop of his car. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 Whether an unlawful seizure has occurred is a legal decision reviewed de novo. United States v. Johnson, 903 F.2d 1219, 1221 (9th Cir.), cert. denied, 111 S.Ct. 520 (1990). This court may affirm a district court decision on any ground finding support in the record. United States v. Telink, Inc., 910 F.2d 598, 600 (9th Cir.1990); United States v. Lehman, 792 F.2d 899, 901 (9th Cir.), cert. denied, 479 U.S. 868 (1986).
 
 
 4
 Within the meaning of the fourth amendment, a seizure occurs only if there has been some restraint placed upon an individual's liberty, either by physical force or a show of authority, such that a reasonable person would have believed he was not free to leave. Florida v. Bostick, 111 S.Ct. 2382, 2386-87 (1991). In a case decided after Koenings' suppression hearing, the Supreme Court held that no seizure occurs when a suspect fails to yield to an officer's show of authority. California v. Hodari, 111 S.Ct. 1547, 1550, 1552 (1991); see Greenawalt v. Ricketts, 943 F.2d 1020, 1027 (9th Cir.1991) (citing Hodari ).[1] Newly announced rules in the area of criminal law apply retroactively to all cases pending on direct appeal. United States v. Sanchez, 944 F.2d 497, 499 (9th Cir.1991).
 
 
 5
 Koenings challenges the "stop" which occurred when Officer Seda signalled him to halt with flashers and siren. Koenings, however, did not pull over when Officer Seda signalled him to halt, but instead led first Officer Seda and then several police vehicles, including a helicopter, on a freeway chase at speeds up to 120 miles per hour, and was captured on foot only after he abandoned his car. In determining on appeal whether a stop of Koenings' vehicle occurred, this court must take cognizance of intervening Supreme Court precedent. See Sanchez, 944 F.2d at 499. In light of Hodari, no investigatory stop or seizure occurred when Officer Seda activated his flashers and siren because Koenings failed to yield to Officer Seda's show of authority. See 111 S.Ct. at 1550, 1552.
 
 
 6
 Although no stop occurred when Koenings fled from Officer Seda, the evidence which Koenings sought to exclude at his suppression hearing resulted from his subsequent arrest and the search of his car. Whether probable cause exists for an arrest or automobile search is a mixed question of law and fact reviewed de novo. United States v. Alvarez, 899 F.2d 833, 839 (9th Cir.1990), cert. denied, 111 S.Ct. 671 (1991); United States v. Hoyos, 892 F.2d 1387, 1392 (9th Cir.1989), cert. denied, 111 S.Ct. 80 (1990).
 
 
 7
 Here, a number of factors supported Koenings' arrest and the search of his car: Koenings matched the description of the bank robber as a white male, approximately 40 years old; he was spotted moments after the robbery was reported driving alone down a lightly traveled residential street which backed on the shopping center where the bank was located; his subsequent route corresponded to the signal emitting from an electronic tracking device secreted in the stolen money; and when Officer Seda attempted to pull him over, he led Seda and others on a high speed chase. Thus, Officer Seda had probable cause for Koenings' arrest, see Hoyos, 892 F.2d at 1392, and for the search of Koenings' car, see Alvarez, 899 F.2d at 839.
 
 
 8
 Koenings argues that the use of an electronic tracking device to trace the stolen money violated his fourth amendment rights because the device was too imprecise to identify exactly the vehicle from which the signal emitted. The fourth amendment does not apply, however, to the use of electronic tracking devices to monitor a vehicle's route along public roads where the device does no more than scientifically enhance information available by visual surveillance alone.[2] United States v. Knotts, 460 U.S. 276, 285 (1983); United States v. Hufford, 539 F.2d 32, 33-35 (9th Cir.), cert. denied, 429 U.S. 1002 (1976); see also United States v. Karo, 468 U.S. 705, 713-16 (1984); United States v. Bernard, 625 F.2d 854, 858-59 (9th Cir.1980). Koenings, therefore, has no fourth amendment basis for challenging the use of the electronic tracking device.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Prior to Hodari, this circuit had held that a seizure occurs when police officers first activate sirens or flashers to pull over a vehicle. United States v. Robert L., 874 F.2d 701, 703 (9th Cir.1989); United States v. Morrison, 546 F.2d 319, 320 (9th Cir.1976) (per curiam); but see Brower v. Inyo County, 817 F.2d 540 (9th Cir.1987), rev'd on other grounds, 489 U.S. 593 (1989) (indicating that no seizure occurred during high speed police chase)
 
 
 [2]
 Officer Seda determined, with the aid of a helicopter monitoring the signal, that the route traveled by Koenings' car corresponded at each point with the signal from the electronic tracking device. Koenings did not have a legitimate expectation of privacy in his movements along the public streets, since his location was as much within the plain view of Officer Seda as within the scan of the electronic tracking device. See United States v. Knotts, 460 U.S. 276, 285 (1983)