959 F.2d 242
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Fitzgerald DANIELS, Defendant-Appellant.
 No. 91-50155.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 5, 1992.*
Decided March 31, 1992.
 
 1
 Before HUG and PREGERSON, Circuit Judges, and PECKHAM,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 John Fitzgerald Daniels appeals his conviction following his conditional plea to possession with intent to distribute a substance containing cocaine base. Defendant entered a conditional plea of guilty, pursuant to Rule 11(a)(2), Federal Rules of Criminal Procedure, reserving in writing the right on appeal to review the district court's denial of his motion to suppress evidence of approximately 500 grams of "rock cocaine".
 
 
 4
 Daniels claims the district court erred in refusing to suppress this evidence because it was obtained by the police after a warrantless search of the vehicle in which he and a companion were travelling. The car belonged to Daniel's companion. The evidence obtained in the search was contained in a package which was hidden under the passenger seat in which Daniels was sitting.
 
 
 5
 As a threshold matter, Daniels asserts that he has standing to challenge the constitutionality of the search. We agree with Daniel's assertion that the question of standing cannot be considered apart from the merits of his fourth amendment claim. Rakas v. Illinois, 439 U.S. 128, 138-39, 99 S.Ct. 421, 427-28, 58 L.Ed.2d 387 (1978). In order to enjoy the protection of the fourth amendment, Daniels must demonstrate a subjective and justifiable expectation of privacy in the area searched. Hudson v. Palmer, 468 U.S. 517, 525, 104 S.Ct. 3194, 3200, 82 L.Ed.2d 393 (1984).
 
 
 6
 Daniels maintains that he had a legitimate expectation of privacy in the container searched since it was a closed container, placed out of sight under his seat and was abandoned by him only after he was ordered out of the car by police. Cf. United States v. Salazar, 805 F.2d 1394 (9th Cir.1986). Although he provides no concrete evidence of his ownership, he did claim before the trial court that he was in constructive possession of the bag at the time of the search.
 
 
 7
 Although the government did challenge his standing to raise a fourth amendment challenge in opposition to his motion to suppress before the trial court, it does not dispute his standing claim on appeal. Instead, the government focuses on the legality of the warrantless search of which Daniels objects.
 
 
 8
 The transcript of the hearing at which Daniels' motion to suppress was heard indicates that the trial court did not deny the motion on standing grounds. The transcript contains extensive discussions between Daniels' counsel and the court regarding the correct interpretation of United States v. Salazar, 805 F.2d 1394 (9th Cir.1986), and United States v. Klein, 860 F.2d 1489 (9th Cir.1988), and their effect upon the warrantless search of the container in this case, indicating that the trial court reached the merits of Daniels' challenge to the search. (RT 45-55; 75) Daniels has claimed that he was in constructive possession of the bag while it was placed under his seat. In addition, he pled guilty to possession of the substances contained in the bag. Thus, we conclude that Daniels had a subjective and justifiable expectation of privacy in the bag sufficient to grant him standing to raise a fourth amendment challenge to the search.
 
 
 9
 Daniels claims that this evidence was obtained through an unconstitutional search because the police, as a result of surveillance activities, had probable cause with respect to the package, but lacked probable cause to search the entire automobile. He claims the district court erred in relying on United States v. Ross, 456 U.S. 798 (1982), in which the United States Supreme Court upheld the warrantless search of a closed container located within a vehicle when the police had probable cause to search the vehicle. Daniels claims that in his case the police lacked probable cause to search the entire car and only had probable cause to believe the package contained contraband as they had observed it being placed in the car. Thus, he claims the search is governed by United States v. Salazar, 805 F.2d 1394 (9th Cir.1986), in which this court found the warrantless search of a container from which packages of cocaine were known to have been distributed to be unconstitutional because the police lacked probable cause to search the entire vehicle.
 
 
 10
 The Salazar decision was based upon the rule articulated in U.S. v. Chadwick, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977), and Arkansas v. Sanders, 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979), which held unconstitutional the warrantless search of closed containers located within automobiles where the police have probable cause with respect to the containers and not the vehicle itself. By focusing on the probable cause to search the container, the Salazar court distinguished U.S. v. Ross, in which the Supreme Court held that if "probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." United States v. Salazar, 805 F.2d at 1397, quoting United States v. Ross, 456 U.S. at 825, 102 S.Ct. at 2173.
 
 
 11
 The distinction urged by Appellant in this case is no longer significant in determining the constitutionality of a warrantless search. The United States Supreme Court has recently eliminated the import of the distinction between probable cause to search automobiles and probable cause to search containers within them which was relied upon in Salazar. California v. Acevedo, --- U.S. ----, 111 S.Ct. 1982, 114 L.Ed.2d 619 (1991). In Acevedo the Supreme Court held that police may search a container located within an automobile under the "automobile exception" of United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982), even though probable cause for the search focused upon the container itself and not upon the automobile as a whole.
 
 
 12
 Indeed, this court has already applied the new rule announced in Acevedo to deny a challenge to a warrantless search of a package contained within an automobile where the police lacked probable cause to search the car. U.S. v. Sanchez, 944 F.2d 497 (9th Cir.1991).[1] Thus, we must reject Daniel's claim that the district court improperly refused to suppress this evidence. The probable cause that supported the search of the automobile in which Daniels was riding was sufficient under Avecedo to justify the warrantless search of the bag secreted under the passenger seat.
 
 
 13
 Daniels also challenges the warrantless search on the grounds that he did not consent to the search of the package and that any consent granted by the driver of the vehicle should not be extended to authorize the police to search a package in Daniels' possession. We need not reach this issue, however, since consent was not required because the warrantless search was supported by probable cause as required in California v. Acevedo.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 Honorable Robert F. Peckham, Senior District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellant did not file a reply brief in this case. He does not, therefore, address the effect of Acevedo or challenge its retroactive application in this instance. There is no doubt, however, that this new rule must apply in Appellant's case. New rules in the area of criminal law are applied retroactively "to all cases ... pending on direct review or not yet final, with no exception for cases in which the rule constitutes a 'clear break' with the past". U.S. v. Sanchez, 944 F.2d 497, 499 (9th Cir.1991) quoting Griffith v. Kentucky, 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987). Because Daniels' challenge to the search of the package containing rock cocaine is before us on direct appeal, we must apply the new rule set forth in Acevedo