977 F.2d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Adelio LOPEZ-ANGULO, Defendant-Appellant.
 No. 91-50433.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 8, 1992.*
Decided Oct. 15, 1992.
 
 Before JAMES R. BROWNING, DAVID R. THOMPSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Adelio Lopez-Angulo appeals his conviction, after jury trial, for conspiracy to possess with intent to distribute heroin and cocaine, in violation of 21 U.S.C. § 846; and possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Lopez-Angulo argues the district court should have suppressed evidence of five kilograms of heroin the police found during a warrantless search of a suitcase located in the bed of a pickup truck. He contends the police are required to obtain a warrant before searching a closed container located in an automobile if probable cause to search is focused on the container, rather than the automobile itself. He relies on this court's decision in United States v. Salazar, 805 F.2d 1394 (9th Cir.1986), which follows the Supreme Court's decision in Arkansas v. Sanders, 442 U.S. 753 (1979).
 
 
 4
 We reject Lopez-Angulo's argument because the Supreme Court has recently eliminated the significance of the distinction between probable cause to search automobiles and probable cause to search containers within them, which was relied upon in Salazar and Sanders. California v. Acevedo, 111 S.Ct. 1982, 1991 (1991) (the automobile exception is invoked where there is probable cause to search a container in a car, even though there is no probable cause to search the entire car). Because the police had probable cause to believe the suitcase contained contraband or evidence of a crime, the warrantless search of this closed container was justified under Acevedo.[1]
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because the warrantless search was proper under the automobile exception to the warrant requirement, we need not address Lopez-Angulo's alternative argument, whether the search was proper as a search incident to his arrest