21 F.3d 1118
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ricky Thomas SANDS, Defendant-Appellant.
 No. 92-50539.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 4, 1994.
Decided April 7, 1994.
 
 1
 Before: BROWNING, PREGERSON, and BRUNETTI, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Probable cause for a warrantless search of an automobile is a flexible, common-sense standard requiring that the facts available to an officer would warrant a man of reasonable caution to believe certain items may be evidence of a crime. United States v. Dunn, 946 F.2d 615, 618 (9th Cir.1991). The police may search containers in the car if probable cause exists to search either the car or the container. United States v. Sanchez, 944 F.2d 497, 498 (9th Cir.1991); United States v. Ross, 456 U.S. 798, 825 (1981).
 
 
 4
 At the time of the car search, the police knew (1) Victor Carona, who was arrested with one kilo of cocaine, gave Sands' address as his home address; (2) Sands watched closely when undercover police drove by the house earlier in the day; (3) the search of Sands' bedroom produced approximately 10 grams of marijuana, a fully loaded semiautomatic pistol, two pagers, a cellular phone, a Los Angeles Police Officer's shirt with a flashlight holder and a document police believed was a pay/owe sheet; (4) five people called the house asking if Sands had cocaine for sale while the police were searching the house; (5) Sands was driving Boussart's car; (6) the case in the car was similar to the cases in Sands' bedroom; and (7) Boussart stated he had never seen the case before even though he was a good friend of Sands and Sands had two similar cases in his bedroom.
 
 
 5
 From these facts, the police had probable cause to believe Sands was involved in drug trafficking. Based on the officer's experience, the police had probable cause to believe they would find narcotics or evidence of narcotics trafficking in the automobile used by Sands. See United States v. Milner, 962 F.2d 908, 913 (9th Cir.1992) (police may use their experience, special training, and expertise in determining if probable cause exists); United States v. Spearman, 532 F.2d 132, 133 (9th Cir.1976) (affidavit disclosed heroin sales at defendant's apartment; held, warrant for search of car valid although nexus between the items to be seized and the place searched did not rest on direct observation but on the type of crime, nature of the items, and normal inferences where a criminal would likely hide contraband); United States v. Valenzuela, 596 F.2d 824, 829 (9th Cir.1979) ("It is commonplace for dealers of heroin to have heroin that is packaged for sale in the place where they live or sell from, in their vehicles or on their persons.")
 
 
 6
 Because we find the police had probable cause to search the car and thus, the compact disc case, we need not address whether Boussart had authority to consent to a search of the compact disc case.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3. The parties are familiar with the facts and legal arguments and we will not repeat them here