70 F.3d 1280
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Arthur HOBBS, Defendant-Appellant.
 No. 95-50063.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1995.*
Decided Nov. 24, 1995.
 
 Before: FARRIS, BRUNETTI and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arthur Hobbs appeals his conviction and sentence for possession of cocaine with intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291.
 
 
 3
 We affirm.
 
 I. MOTION TO SUPPRESS EVIDENCE
 
 4
 Hobbs argues that the district court erred in denying his motion to suppress cocaine seized during a warrantless search of his suitcase. A consensual search is an exception to the probable cause and warrant requirements of the Fourth Amendment. Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973). "Whether a defendant consented to a search is a question of fact reviewed for clear error." United States v. Williams, 978 F.2d 1133, 1135 (9th Cir.1992).
 
 
 5
 The district court made a credibility determination between witnesses who testified to different versions of the same event. "On matters of credibility, such as whether to believe [a witness's] testimony, we will rarely overturn the factual findings of a district court." United States v. Attson, 900 F.2d 1427, 1433 (9th Cir.), cert. denied, 498 U.S. 961 (1990). See also Anderson v. City of Bessemer City, 470 U.S. 564, 575 (1985) (holding that credibility determinations "can virtually never be clear error"). The district court's denial of Hobbs' motion to suppress was not clearly erroneous.
 
 II. PROSECUTORIAL MISCONDUCT
 
 6
 To the extent that the prosecutor's misstatement during closing argument amounted to willful misconduct, Hobbs' defense counsel was not deprived of any information.
 
 
 7
 "[I]mproprieties in counsel's arguments to the jury do not constitute reversible error unless they prejudice the defendant and that prejudice has not been remedied by the trial judge." United States v. Lopez-Alvarez, 970 F.2d 583, 597 (9th Cir.1992). Any prejudice which might have resulted from the misstatement was remedied by the trial judge when he instructed the jury that "arguments and statements by the lawyers are not evidence. The lawyers are not witnesses." See Id. at 598; United States v. Carrillo, 16 F.3d 1046, 1051 (9th Cir.1994). The prosecutor's misstatement was not "likely to have affected the jury's discharge of its duty to judge the evidence fairly." Carrillo, 16 F.3d at 1051 (citing United States v. Sanchez, 944 F.2d 497, 499 (9th Cir.1991)).
 
 
 8
 III. FAILURE TO REFILE AN INFORMATION WITH THE COURT
 
 
 9
 Hobbs argues that the district court erred by considering his prior narcotics conviction because the prosecution failed to refile an information after remand. The information was filed over two years before trial, satisfying the timing requirement of 21 U.S.C. Sec. 851. Information properly filed with the court does not need to be refiled on remand. The district court did not err in enhancing Hobbs' sentence based on his prior narcotics conviction.
 
 
 10
 Affirmed.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3