145 F.3d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Nathan REESE, Defendant-Appellant.
 No. 96-50187.
DC No. CR 95-00427-1-MLH.
 United States Court of Appeals, Ninth Circuit.
 Argued April 9, 1997 Submitted April 22, 1998.
Decided May 28, 1998.
 
 1
 Appeal from the United States District Court for the Southern District of California Marilyn L. Huff, District Judge, Presiding.
 
 
 2
 Before O'SCANNLAIN and TASHIMA, Circuit Judges, and WHALEY, District Judge.**
 
 
 3
 MEMORANDUM*
 
 
 4
 Defendant Reese ("Defendant") was convicted of violating 18 U.S .C. § 924(c)(1) and 21 U.S.C. § 841(a). The district court subsequently granted Defendant's motion for a judgment of acquittal with respect to his conviction under § 924(c)(1). The Government appeals the district court's grant of Defendant's motion for judgment of acquittal. On cross-appeal of his § 841(a)(1) conviction, Defendant challenges the district court's denial of his motions to suppress evidence and to compel disclosure of the identity of a confidential informant.
 
 
 5
 The parties are familiar with the facts and prior proceedings; thus, they need not be summarized here. We have jurisdiction under 18 U.S.C. § 3731 and 28 U.S.C. § 1291, and we affirm as to Defendant's cross-appeal of his § 841(a)(1) conviction. Disposition of the Government's appeal of the district court's judgment of acquittal is deferred pending the United States Supreme Court's resolution of Muscarello v. United States, 106 F.3d 636, (5th Cir.), cert. granted, --- U.S. ----, 118 S.Ct. 621, 139 L.Ed.2d 506 (1997).
 
 I.
 
 6
 Defendant contends that the district court erred in denying his motion to suppress based on lack of probable cause to search. While the legality of a warrantless search is reviewed de novo, a district court's findings of fact will be upheld unless clearly erroneous. Ornelas v. United States, 517 U.S. 690, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911 (1996).
 
 
 7
 Having considered the totality of the circumstances, including the sealed declaration submitted by Detective Griffin and Officer Spear for in camera review, we agree that the police officers could have reasonably concluded there was a fair probability that contraband would be recovered in Defendant's car. See Ornelas, 116 S.Ct. at 1661 (probable cause to search exists "where the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found"); see also Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) (probable cause exists if totality of circumstances, including informant's reliability and basis of knowledge, indicates there is a "fair probability that contraband or evidence of a crime will be found in a particular place"); United States v. Ayers, 924 F.2d 1468, 1478 (9th Cir.1991) (assessing probable cause based, in part, on information provided by informant); United States v. Arias, 923 F.2d 1387, 1389 (9th Cir.1991) (same).
 
 
 8
 Where probable cause justifies a warrantless search of a vehicle, the police may search "every part of the vehicle and its contents that may conceal the object of the search." United States v. Salazar, 805 F.2d 1394, 1397 (9th Cir.1986) (quoting United States v. Ross, 456 U.S. 798, 825, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982)). Accordingly, the search of the light panels and the doors was lawful.
 
 II.
 
 9
 Defendant also argues that the district court erred in denying his motion to compel disclosure of the confidential informant's identity. Additionally, Defendant contends that the court erred by relying on police officers' representations of the informant's knowledge. A district court's denial of a motion to compel disclosure of a confidential informant's identity is reviewed for an abuse of discretion. United States v. Fixen, 780 F.2d 1434, 1439 (9th Cir.1986). A trial court's decision regarding whether to conduct an in camera hearing also is reviewed under an abuse of discretion standard. Id. at 1440.
 
 
 10
 The Government enjoys a qualified privilege to withhold the identity of confidential informants, and a defendant bears the burden of showing that disclosure is warranted despite this privilege. United States v. Amador-Galvan, 9 F.3d 1414, 1417 (9th Cir.1993) (citing Roviaro v. United States, 353 U.S. 53, 59, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957)). To compel disclosure, a defendant must demonstrate that disclosure will prove relevant and helpful to the defense or will be essential to a fair trial, and that these considerations outweigh the public's interest in encouraging citizens to provide the government with information about criminal activity. Id. Disclosure is not required "where the sole ground for seeking that information is to establish the existence of probable cause for arrest." Fixen, 780 F.2d at 1439 (9th Cir.1986) (quoting United States v. Mehciz, 437 F.2d 145, 149 (9th Cir.1971)).
 
 
 11
 In this case, Defendant's primary concerns with respect to the informant related to the issue of probable cause. Before the district court, Defendant advanced arguments regarding the reliability of the informant and whether the police might have lied about the existence of an informant or the content of the informant's communications. There was no indication by Defendant that disclosure of the informant would provide information relevant or helpful to his defense, nor was there an assertion by Defendant that disclosure was essential to a fair trial. Accordingly, the district court denied the motion to compel disclosure on the grounds set forth in Fixen --that disclosure is not justified where the sole ground for seeking the information is to challenge probable cause. See Fixen, 780 F.2d at 1439. The district court's ruling was well within its discretion. Accordingly, denial of Defendant's motion to compel disclosure is affirmed.
 
 
 12
 Defendant also challenges the in camera procedure utilized by the district court to review the information provided to police by the informant. To review the informant's information, the district court ordered the police officers to submit a sealed in camera declaration detailing the information provided by the informant. The court did not communicate directly with the informant in any fashion. Defendant contends that the district court's failure to directly interview the informant was erroneous.
 
 
 13
 A district court is only required to hold an in camera hearing if a defendant makes a threshold showing that an informant possesses information that will be helpful or relevant to the defendant or essential to a fair trial. See Fixen, 780 F.2d at 1440. In this case, Defendant did not allege that the informant would provide information relevant or helpful to his defense, nor did he make any showing that disclosure would be essential to a fair trial. Rather, Defendant sought disclosure because he feared that the information provided may have been insufficient to establish probable cause either because of the informant's unreliability or because the police may have invented the informant or lied about information provided by the informant.
 
 
 14
 In such circumstances, the district court is not required to conduct an in camera hearing. It necessarily follows that it is not error to conduct an in camera hearing that relies on declarations submitted by the police officers involved rather than on direct questioning of the informant. Where the inquiry is directed to determining whether there was probable cause, the district court, in its discretion, may refuse to directly question the informant and may instead rely on the representations of officers. Fixen, 780 F.2d at 1440. Accordingly, the district court did not err by failing to question the informant directly.
 
 
 15
 AFFIRMED.
 
 
 
 **
 The Honorable Robert H. Whaley, United States District Judge, Eastern District of Washington, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by Ninth Cir.R. 36-3