**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Paul GARCIA, Jr., T/N, Jose Martinez-Lopez, Defendant-Appellant.**

No. 74–3190.

United States Court of Appeals, Ninth Circuit.

May 19, 1975.

Rehearing Denied July 10, 1975.

Glenn S. Warren, Deputy Federal Public Defender, San Diego, Cal., for defendant-appellant.

Jeffrey F. Arbetman, Asst. U. S. Atty., for plaintiff-appellee.

## OPINION

Before TRASK and WALLACE, Circuit Judges, and PECKHAM,* District Judge.

WALLACE, Circuit Judge:

Martinez-Lopez appeals from a conviction for possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). He questions only the denial of his motion to suppress. We affirm.

Martinez-Lopez was driving north on Interstate Highway 5 when he approached the fixed checkpoint operated by the United States Border Patrol at San Clemente. The officer at the checkpoint observed that Martinez-Lopez was driving a type of car with a deep trunk commonly used to smuggle aliens, that he failed to slow down as he approached the stop sign at the checkpoint and that he looked only straight ahead rather than at the officer. Because these facts aroused his suspicion, the officer directed Martinez-Lopez to the secondary inspection area for further inquiry. Martinez-Lopez drove to the secondary area, parked momentarily and then sped off. Border Patrol agents pursued. After a chase reaching speeds of 70 miles per hour, the agents stopped Martinez-Lopez and determined that he was an illegal alien. A search of his car revealed 55 pounds of marijuana in the trunk. Martinez-Lopez contends that the district court erred in refusing to suppress the marijuana.

We need not await the ultimate disposition of United States v. Bowen, 500 F.2d 960 (9th Cir.) (en banc), cert. granted, 419 U.S. 824, 95 S.Ct. 40, 42 L.Ed.2d 47 (1974), to decide this case. Assuming the stop at the fixed checkpoint to be illegal, we conclude that the district court did not err when it held that the stop did not taint the arrest and the ensuing search.

The observations of the officer before the vehicle came to a halt are untainted because traffic may be slowed and diverted so that officers can observe vehicles as they pass. United States v. Evans, 507 F.2d 879, 880 (9th Cir. 1974). Consequently, evidence pertaining to the time period prior to the actual stop may be considered in determining whether the arrest and search were supported by probable cause.

The remaining fact before the court is that Martinez-Lopez fled after he was ordered to stop. He argues that this evidence is tainted by the checkpoint stop. Thus, assuming the illegality of the stop, the question is whether "the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint." Wong Sun v. United States, 371 U.S. 471, 488, 83 S.Ct. 407, 417, 9 L.Ed.2d 441 (1963), quoting Maguire, Evidence of Guilt 221 (1959). Here, the Border Patrol officers did not exploit the illegal stop in any way. The flight was the voluntary conduct of Martinez-Lopez. See McClure v. United States, 332 F.2d 19, 22 (9th Cir. 1964), cert. denied, 380 U.S. 945, 85 S.Ct. 1027, 13 L.Ed.2d 963 (1965).

If there were evidence in the record that the checkpoint at San Clemente was designed to lure suspected criminals into flight from law enforcement officers, we might reach a different conclusion. Where a suspect's act is the intended result of illegal police conduct, or ensuing police action, it is likely to prove tainted. Allen v. Cupp, 426 F.2d 756, 759 (1970); see Wong Sun v. United States, supra, 371 U.S. at 486 & n. 12, 83 S.Ct. 407; United States v. Basurto, 497 F.2d 781, 790–91 (9th Cir. 1974); Ruiz v. Craven, 425 F.2d 235, 236 (9th Cir. 1970). But where the illegal conduct of the police is only a necessary condition leading up to the suspect's act, no taint attaches to his conduct; a "but-

* Honorable Robert F. Peckham, United States District Judge, Northern District of California, sitting by designation.

for" connection alone is insufficient. Allen v. Cupp, *supra*, 426 F.2d at 759; *see* United States v. Bacall, 443 F.2d 1050, 1057 (9th Cir.), cert. denied, 404 U.S. 1004, 92 S.Ct. 565, 30 L.Ed.2d 557 (1971). In this case, the illegal stop was no more than part of a series of facts leading up to the subsequent flight. By ordering Martinez-Lopez to stop, the officer could hardly have intended him to flee.

The remaining argument for taint is that Martinez-Lopez fled in exercise of his common law right to resist, peaceably or with reasonable force, an unlawful stop or arrest. It may be argued that if we hold that the exercise of the right provides grounds for an arrest, the right would be deprived of any practical value. But even assuming a suspect has such a right, we cannot accept the premise of this argument, "at least where, as here, there is no claim of bad faith, unreasonable force, or provocative conduct on the part of the arresting officer." United States v. Moore, 483 F.2d 1361, 1365 (9th Cir. 1973). We have questioned the right of self-help when asserted in its traditional role as a defense to a charge of forcible resistance of arrest. *Id.* at 1364–65. We will not apply any self-help right to immunize suspicious conduct from consideration in determining whether there is probable cause to arrest or to search.

Here the conduct of Martinez-Lopez was suspicious. He did not assert that the stop was illegal but feigned compliance with the officer's order and then fled. Such action is probative of criminal activity. United States v. Roberts, 470 F.2d 858, 859 (9th Cir. 1972), cert. denied, 413 U.S. 920, 93 S.Ct. 3071, 37 L.Ed.2d 1042 (1973). Together with the other untainted evidence known to the officer, the flight and high-speed chase clearly supplied probable cause to arrest Martinez-Lopez and then to search his car.

Affirmed.