**UNITED STATES of America,**
**Plaintiff-Appellant,**

v.

**Brian James MORRISON,**
**Defendant-Appellee.**

**No. 76–1062.**

United States Court of Appeals,
Ninth Circuit.

Nov. 29, 1976.

Robert D. Krause, Asst. U. S. Atty., on the brief, Terry J. Knoepp, U. S. Atty., Howard B. Matloff, Asst. U. S. Atty. (argued), San Diego, Cal., for plaintiff-appellant.

Marc B. Geller (argued), of Hagerstrom & Geller, San Diego, Cal., for defendant-appellee.

Before BROWNING and ANDERSON, Circuit Judges, and PALMIERI,* District Judge.

* Honorable Edmund L. Palmieri, Senior United States District Judge, Southern District of New York, sitting by designation.

**320**

PER CURIAM.

Appellee was charged with possession of marihuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The court granted appellee's motion to suppress the marihuana in question. The government appeals, asserting that the trial court erroneously disregarded evidence of appellee's actions after the border patrol officers signaled him to stop and, considering this evidence, that the stop was based upon reasonable suspicion.

We agree with the trial court's ruling that appellee's response to the order to stop cannot justify the order itself.

When a law enforcement officer signals a motorist to stop by use of a siren or red light, there has been a seizure which must be justified under the Fourth Amendment. *United States v. Ward*, 488 F.2d 162, 169 (9th Cir. 1973) *(in banc); Carpenter v. Sigler*, 419 F.2d 169, 171 (8th Cir. 1969). The seizure occurs when the officer first communicates the command to halt. The command must be valid when given; its character is not changed by the motorist's response, any more than probable cause for a search can be established by what the search discloses. *United States v. Di Re*, 332 U.S. 581, 595, 68 S.Ct. 222, 92 L.Ed. 210 (1948).

*United States v. Garcia*, 516 F.2d 318 (9th Cir. 1975), is not to the contrary. There were two stops in *Garcia*. A border patrol officer at an immigration checkpoint directed defendant's automobile into a secondary inspection area. Defendant parked. After parking he put his car in motion again, and sped off. The officers gave chase, and again stopped the defendant. The legality of stationary checkpoints had not been settled when *Garcia* was decided. To give the defendant the benefit of the doubt, we assumed the stop at the fixed checkpoint was illegal (*Id.* at 319), and focused inquiry on the propriety of the second stop which occurred after defendant's flight.

Absent evidence of appellee's erratic driving after the order to stop, the officers had no basis for a reasonable suspi-

cion that illegal activity was afoot. Appellee was observed driving two and a half miles from the border on a highway in a notorious smuggling area. Persons traveling near the border are entitled to the same Fourth Amendment protection as others. *United States v. Torres-Urena*, 513 F.2d 540, 542–43 (9th Cir. 1975). Proximity to the border and prior illegal activity in the area are relevant factors (*United States v. Brignoni-Ponce*, 422 U.S. 873, 884–85 (1975)), but they do not justify a stop absent other indicia of illegal activity. Here there were none. The officers testified that their suspicions were aroused because appellee's ten-year-old car was dust-free, unfamiliar to them, had a large trunk, and bore an out-of-town license plate frame. Cross-examination developed that many cars in the area were dust-free and unfamiliar to the officers, and that appellee's car was of an ordinary make and model— the same, in effect, as the car owned by one of the officers. The out-of-town license plate frame on a ten-year-old car offered no support for a suspicion that the driver was engaged in smuggling.

Affirmed.