974 F.2d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Cesar FIGUEROA-LARIOS, Defendant-Appellant.
 No. 91-50716.
 United States Court of Appeals, Ninth Circuit.
 Argued June 1, 1992.
Submission Deferred June 17, 1992.
Resubmitted July 16, 1992.
Decided Sept. 11, 1992.
 
 Appeal from United States District Court for the Southern District of California; No. CR-91-0481-GT-1, Gordon Thompson, Jr., Chief Judge, Presiding.
 S.D.Cal.
 AFFIRMED.
 Before POOLE, BRUNETTI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant Cesar Figueroa was indicted on a two-count charge for transporting illegal aliens within the United States. Figueroa was arrested after unsuccessfully trying to evade apprehension by leading Border Patrol Agents on an automobile and foot chase. He filed a motion to suppress all evidence gleaned after the Border Patrol Agents activated their overhead lights and siren based on a lack of founded suspicion to stop. The district court denied the motion, finding that there was no stop for Fourth Amendment purposes until Figueroa was apprehended by the agents and that Figueroa's flight provided the agents with the requisite founded suspicion. The district court sentenced Figueroa to 14 months in prison, which included a two-level enhancement under U.S.S.G. § 3C1.2 and a two-level upward departure under application note 8 to U.S.S.G. § 2L1.1. Figueroa appeals both the denial of his motion to suppress and that part of his sentence based on § 2L1.1.
 
 
 3
 I. FOUNDED SUSPICION.
 
 
 4
 A. Standard of Review.
 
 
 5
 The trial court's factual determinations are reviewed for clear error. United States v. Hernandez-Alvarado, 891 F.2d 1414, 1416 (9th Cir.1989). Whether founded suspicion existed to justify an investigatory stop is reviewed de novo. Id.
 
 
 6
 B. Analysis.
 
 
 7
 It is well settled that officers may make an investigatory stop if they are aware of specific, articulable facts which, together with objective and reasonable inferences, lead to a founded suspicion of criminal activity. United States v. Cortez, 449 U.S. 411, 416-18 (1981); United States v. Brignoni-Ponce, 422 U.S. 873 (1975). Founded suspicion must be considered under a "totality of the circumstances" and interpreted in light of the trained officers' experience. Cortez, 449 U.S. at 418.
 
 
 8
 The key issue is when a "stop" occurs for Fourth Amendment purposes. Figueroa argues that we must analyze founded suspicion at the point when the Border Patrol Agents activated their overhead lights and siren. He relies on United States v. Morrison, 546 F.2d 319 (9th Cir.1976), in which we held that a stop occurs for Fourth Amendment purposes when police activate their overhead lights and siren. We recently held, however, that Morrison effectively has been overruled by California v. Hodari, 111 S.Ct. 1547 (1991). United States v. Santamaria-Hernandez, No. 91-50376, slip op. ----, ---- (9th Cir. July 7, 1992). In Hodari D., the Supreme court held that a stop "requires either physical force ... or submission to the assertion of authority." Hodari D., 111 S.Ct. at 1551 (emphasis deleted). Because Figueroa did not submit to the agents' show of authority--the flashing lights and siren--he was not stopped until physically apprehended by the agents. Accordingly, we must take into account his flight when determining whether the agents had founded suspicion to stop him. See Santamaria-Hernandez, slip op. at ---- (Hodari D. applies retroactively).
 
 
 9
 The Border Patrol Agents relied on five factors for founded suspicion: one, Figueroa made a quick lane change as he passed the marked Border Patrol vehicle; two, Figueroa and the four other occupants were Hispanic; three, the occupants stared straight ahead as they passed the agents, ignoring them; four, Figueroa refused to yield to the Border Patrol vehicle's overhead lights and siren by pulling over, instead leading the agents on a short chase off the highway and back on, disobeying various traffic laws along the way; and five, Figueroa exited his vehicle and left it on the highway, leaving it driverless and still in gear.
 
 
 10
 Under the totality of the above circumstances, we find that the Border Patrol Agents had founded suspicion that Figueroa was engaged in criminal activity when they finally apprehended him.
 
 
 11
 II. SENTENCING.
 
 
 12
 A. Standard of Review.
 
 
 13
 We review the district court's decision to depart from the Sentencing Guidelines under a three-step process. United States v. Lira-Barraza, 941 F.2d 745, 746 (9th Cir.1991) (en banc). First, we determine de novo whether the district court had legal authority to depart. Id. Second, we review for clear error factual findings supporting departure. Id. Third, we determine de novo whether the extent of departure was "reasonable" within the meaning of the Sentencing Reform Act and the Guidelines. Id. at 747.
 
 
 14
 B. Analysis.
 
 
 15
 The Presentence Report (PSR) identified a base offense level of 9 and a criminal history category of I. The PSR recommended a downward adjustment of two levels for acceptance of responsibility and a two-level increase for reckless endangerment during flight under U.S.S.G. § 3C1.2.[1] The recommended guideline range for a base nine offense is four to ten months. The PSR recommended departing upward from the guideline range to fourteen months, however, based on application note 8 to § 2L1.1. The district court adopted the reasoning of the Probation Department and sentenced Figueroa to fourteen months custody.
 
 
 16
 Application note 8 to § 2L1.1 allows for an upward departure for those "offenses involving large numbers of aliens or dangerous or inhumane treatment." Figueroa argues that the danger inherent in his flight is covered fully by § 3C1.2 and it was thus error to also use his flight as grounds to enhance his sentence under § 2L1.1. We rejected this argument in United States v. Hernandez-Rodriguez, No. 91-50572, slip op. ----, ---- (9th Cir. ---- ----, 1992), and find that the district court had authority to depart upward under application note 8 because of Figueroa's dangerous treatment of aliens.
 
 
 17
 Figueroa also argues that his conduct does not come within the purview of § 2L1.1 because his conduct did not amount to dangerous or inhumane treatment of his alien passengers. The district court found that Figueroa endangered his passengers when he attempted to evade capture by exiting the freeway and running a red light, recklessly crossing four lanes of traffic, and finally abandoning the moving vehicle while all but one alien passenger remained inside. Even though the speed of the vehicle was slow enough to permit one of the passengers besides Figueroa to exit, there was regular morning traffic on the highway, and a collision easily could have occurred. We find the district court's findings not clearly erroneous.
 
 
 18
 We also find the extent of the departure reasonable. In departing upward, the district court expressly adopted the analysis set forth in the PSR, which clearly stated its reasons for recommending departure and pointed to those portions of the Guidelines permitting the departure. See United States v. Wells, 878 F.2d 1232, 1233 (9th Cir.1989) (district court's reasons "must be sufficiently specific to allow [the reviewing] court to conduct a meaningful review"). Further, the four month, two-level increase is coextensive with the increase allowed by the Guidelines for the analogous offense described in § 3C1.2. See United States v. Martinez-Gonzales, No. 90-50561, slip op. 5165, 5171 (9th Cir. May 5, 1992) (structural analogy among Guideline offenses).
 
 
 19
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3
 
 
 [1]
 Section 3C1.2 is an enhancement of general application to all crimes: "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer, increase by 2 levels."