979 F.2d 856
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Fernando FIGUEROA-ACOSTA, Defendant-Appellant.
 No. 92-50111.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 3, 1992.*
Decided Nov. 12, 1992.
 
 Before WALLACE, Chief Judge, and TROTT and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Fernando Figueroa-Acosta was indicted on two counts of transporting illegal aliens in violation of Title 8 U.S.C. § 1324(a)(1)(B) (1988). He pled guilty to Count I of the Indictment pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure which allows preservation of pretrial rulings for appeal. He now challenges the district court's adverse ruling on his pre-trial motion to suppress evidence.
 
 
 3
 * FOUNDED SUSPICION
 
 
 4
 Appellant was driving a van containing eighteen illegal aliens when a United States Border Patrol Agent turned on his flashing lights in an attempt to pull appellant over to the side of the road. After the lights were activated, appellant accelerated and proceeded to travel along Highway 79 before reaching Interstate 15 and continuing northbound. Appellant crossed the median and continued to drive north in the southbound lanes towards the oncoming traffic. Other patrol cars joined the pursuit. Appellant then exited the freeway and jumped out of the van while it was still moving. The van dropped down an embankment where it came to a stop. After a brief foot chase, appellant was apprehended and arrested.
 
 A. Standard of Review
 
 5
 The trial court's factual determinations are reviewed for clear error. United States v. Hernandez-Alvarado, 891 F.2d 1414, 1416 (9th Cir.1989). Whether founded suspicion existed to justify an investigatory stop is reviewed de novo. Id.
 
 B. Analysis
 
 6
 Officers may make an investigatory stop if they are aware of specific, articulable facts which, together with objective and reasonable inferences, lead to a founded suspicion of criminal activity. United States v. Cortez, 449 U.S. 411, 416-18 (1981); United States v. Brignoni-Ponce, 422 U.S. 873 (1975). Founded suspicion must be considered under a "totality of the circumstances" and interpreted in light of the trained officers' experience. Cortez, 449 U.S. at 418.
 
 
 7
 This case turns on when a "seizure" occurs for Fourth Amendment purposes. The appellant relies on United States v. Morrison, 546 F.2d 319 (9th Cir.1976) for the assertion that the seizure occurred the moment the agent activated his overhead lights. The government argues the seizure occurred once the agents had apprehended the appellant. If the seizure occurred at the moment the lights were activated, all evidence obtained after that moment must be suppressed.
 
 
 8
 This issue has been settled in the case of United States v. Santamaria-Hernandez, 968 F.2d 980 (9th Cir.1992) wherein we held that Morrison has been overruled by California v. Hodari D., 111 S.Ct. 1547 (1991). In Hodari D., the Supreme Court addressed the question whether, "with respect to a show of authority as with respect to application of physical force, a seizure occurs even though the subject does not yield." Hodari D., 111 S.Ct. at 1550. The Court held it does not. Id. The Court held a seizure "requires either physical force ... or, where that is absent, submission to the assertion of authority." Id. at 1551 (emphasis in original).
 
 
 9
 According to Hodari D., there was no seizure until the agents had apprehended the appellant. We must therefore take into account all events transpiring between the activation of the agent's overhead lights to the time when the appellant was actually apprehended in determining whether the agents had founded suspicion to stop him. See Santamaria-Hernandez, 968 F.2d at 983. (Hodari D. applies retroactively). Taking into account the above facts, we hold that under the totality of the circumstances, the agents had founded suspicion that the appellant was engaged in criminal activity when they finally apprehended him.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3