985 F.2d 576
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose RODRIGUEZ-CONTRERAS, Defendant-Appellant.
 No. 91-50250.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 10, 1991.
Decided Feb. 2, 1993.
 
 Appeal from the United States District Court for the Southern District of California; No. CR-89-1189-01-R, John S. Rhoades, District Judge, Presiding.
 S.D. Cal.
 AFFIRMED.
 Before FLETCHER, D.W. NELSON and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 Defendant Jose Rodriguez-Contreras (Rodriguez) was convicted for transporting illegal aliens within the United States. He was apprehended after leading Border Patrol Agents on a brief high-speed chase. Rodriguez sought to suppress evidence obtained after the Border Patrol Agents stopped Rodriguez' car. The district court, relying on then Ninth Circuit precedent, held that a stop occurs for Fourth Amendment purposes when police activate their overhead lights and siren. The district court nonetheless concluded that founded suspicion existed at this point and denied Rodriguez' motion to suppress.
 
 DISCUSSION
 
 3
 We review the district court's factual determinations for clear error. United States v. Hernandez-Alvarado, 891 F.2d 1414, 1416 (9th Cir.1989). Whether founded suspicion existed to justify an investigatory stop is reviewed de novo. Id.
 
 
 4
 It is well settled that police officers may make an investigatory stop if they are aware of specific, articulable facts which, together with objective and reasonable inferences, lead to a founded suspicion of criminal activity. United States v. Cortez, 449 U.S. 411, 416-18 (1981); United States v. Brignoni-Ponce, 422 U.S. 873 (1975). Founded suspicion must be considered under the "totality of the circumstances" and interpreted in light of the trained police officers' experience. Cortez, 449 U.S. at 418.
 
 
 5
 Rodriguez argues that we must analyze founded suspicion at the point when the Border Patrol Agents activated their overhead lights and siren. He relies on United States v. Morrison, 546 F.2d 319 (9th Cir.1976), in which we held that a stop occurs for Fourth Amendment purposes when police officers activate their overhead lights and siren. We recently held, however, that Morrison effectively has been overruled by California v. Hodari D., 111 S.Ct. 1547 (1991). United States v. Santamaria-Hernandez, 968 F.2d 980 (9th Cir.1992). In Hodari D., the Supreme Court held that a stop "requires either physical force ... or submission to the assertion of authority." Hodari D., 111 S.Ct. at 1551 (emphasis deleted). Because Rodriguez did not submit to the agents' show of authority--the flashing lights and siren--he was not seized until physically apprehended by the agents. Accordingly, we must take into account his flight in determining whether the agents had founded suspicion to stop him. See Santamaria-Hernandez, 968 F.2d at 983 (Hodari D. applies retroactively).
 
 
 6
 The Border Patrol Agents were aware of the following factors when they stopped Rodriguez: the area was notorious for alien smuggling; the vehicle, a pickup truck with a camper shell attached, often was used to smuggle aliens; the vehicle was "riding low," as though there were somebody in the bed of the pickup; the driver and front-seat passenger were of Latin descent and neither reacted to being "lit up" by the Border Patrol vehicle's highbeam headlights; the driver increased his speed by at least ten miles an hour when the agents pulled onto the interstate and began to follow the vehicle; and, finally, the driver refused to pull over when the agents activated their overhead lights and siren, leading the agents on a brief high-speed chase.
 
 
 7
 If Rodriguez immediately had submitted to the Border Patrol Agents' show of authority and pulled over, we would have had difficulty concluding the agents had founded suspicion of criminal activity. When Rodriguez' flight is considered part of the totality of the circumstances, however, we have no difficulty making such a conclusion. Under these circumstances, we find the Border Patrol Agents had founded suspicion to stop Rodriguez.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3