122 F.3d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America,
v.
William Anthony LOPEZ, Defendant-Appellant.
 No. 95-10393.
 United States Court of Appeals, Ninth Circuit.
 Argued and submitted October 11, 1996.
Aug. 13, 1997.
 
 Appeal from the United States District Court for the District of Arizona, No. CR-92-00409-JMR; John M. Roll, District Judge, Presiding. Argued and submitted October 11, 1996 San Francisco, California
 Before: WOOD**, SCHROEDER, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 William Anthony Lopez appeals his conviction for possession of a firearm by a felon, 18 U.S.C. § 922(g)(1). He claims on appeal that there was an unlawful search; that the use of his prior trial testimony violated his right against self-incrimination; that he was prejudiced by pre-indictment delay; that the trial judge should have recused himself; and that his prior convictions were not properly authenticated.
 
 
 3
 In our previous memorandum disposition we affirmed on the basis that any error was harmless because Lopez admitted both elements of the § 922(g) violation on the stand at his state court trial. We granted rehearing. That admission alone is not sufficient to support the conviction under the corpus delecti rule as defined in United States v. Lopez-Alvarez, 970 F.2d 583 (9th Cir.1992). Lopez-Alvarez requires that there be, in addition to the defendant's admissions, independent evidence that a crime was committed. See id. at 592. We therefore must decide whether the district court erred in refusing to suppress the gun and the officers' testimony.
 
 
 4
 The district court did not err. Even if the pat-down search was unlawful, the gun and the testimony regarding the recovery of the gun were still admissible because any taint was dissipated by Lopez's independent, voluntary, and illegal acts in fleeing the officers and drawing the weapon.[1] See United States v. Garcia, 516 F.2d 318, 319-20 (9th Cir.1975); accord United States v. King, 724 F.2d 253, 256 (1st Cir.1984); United States v. Bailey, 691 F.2d 1009, 1016-17 (11th Cir.1983).
 
 
 5
 United States v. Ramirez, 91 F.3d 1297 (9th Cir.1996), cert. granted, No. 96-1469, 65 USLW 3649, 1997 WL 134347 (June 23, 1997), supports this result. In Ramirez, we adopted the Eleventh Circuit's rule that for an intervening, independent act to dissipate the taint of an unlawful search, that act itself had to be a crime. See id. at 1304 (citing Bailey ). Here, Lopez's flight from known police officers and his pulling the gun were both new, independent crimes. See Ariz.Rev.Stat.Ann. § 13-2502 (attempted escape from custody); id. § 13-2504 (attempted escape using deadly weapon); id. §§ 13-1203(A)(2), 13-1204(A)(2), 13-1204(A)(5) (aggravated assault); id. § 13-2508 (resisting arrest). Lopez's new, independent crimes severed any causal connection between the unlawful search and the officers' discovery and seizure of the gun. See Ramirez, 91 F.3d at 1302-04; Garcia, 516 F.2d at 319-20; accord King, 724 F.2d at 256; Bailey, 691 F.2d at 1016-18.
 
 
 6
 We are mindful that Lopez was acquitted of assault in state court. That acquittal, however, does not bar the district court from considering, under the different standard of proof applicable in a suppression hearing, the evidence before it that Lopez committed independent, illegal acts which dissipated the taint. See United States v. Watts, 117 S.Ct. 633, 637 (1997) ("[A]n acquittal in a criminal case does not preclude the Government from relitigating an issue when it is presented in a subsequent action governed by a lower standard of proof.") (quoting Dowling v. United States, 493 U.S. 342, 349, 110 S.Ct. 668, 672 (1990)).
 
 
 7
 There is no merit to Lopez's argument that the use of his prior state court testimony violated the Fifth Amendment. "A defendant who chooses to testify waives his privilege against compulsory self-incrimination with respect to the testimony he gives." Harrison v. United States, 392 U.S. 219, 222 (1968).
 
 
 8
 The district court did not err in denying the motion to dismiss for prosecutorial delay. Lopez has shown no prejudice from the nine month delay. What is alleged as prejudice is the government's ability to use the state court testimony, but that testimony was given before the federal government began any investigation of this case.
 
 
 9
 The district court also did not err in refusing to recuse itself. Although Gregg v. United States, 394 U.S. 489, 492 (1969), suggests it was error for Judge Roll to preside over Lopez's jury trial after having read the presentence report, and although Lopez cites an analogous Arizona case to that effect, Lopez's argument fails under directly controlling Ninth Circuit precedent. In United States v. Montecalvo, 545 F.2d 684, 685 (9th Cir.1976) (vacating 533 F.2d 1110), cert. denied, 431 U.S. 918 (1977), the court held that where the judge read the PSR after an earlier guilty plea, any consequent Rule 32 error was invited by the defendant and was therefore not reversible. The court further held that the judge's knowledge acquired from the PSR was gained in the performance of his judicial duties and was therefore not a basis for disqualification. Id. at 685 (following United States v. Grinnell, 384 U.S. 563, 583 (1966)).
 
 
 10
 Finally, the district court did not sentence Lopez solely on the basis of the presentence report. It had before it properly authenticated copies of the prior convictions and a witness who linked them to this defendant.
 
 
 11
 AFFIRMED.
 
 
 12
 WOOD, Jr., Circuit Judge, Concurring.
 
 
 13
 I fully join the court's order affirming the defendant's conviction and only suggest that in these particular factual circumstances the possibility exists that the corpus delicti rule as stated in United States v. Lopez-Alavarez, 970 F.2d 583 (9th Cir.1982), following United States v. Opper, 348 U.S. 84 (1954) may not apply. We need not explore that possibility in this case. However, the possibility that the rule does not apply exists because the defendant made his incriminating admissions while voluntarily testifying under oath in his state court proceeding while he was represented by counsel and subject to cross-examination. See State v. Schomaker, 303 N.W.2d 129, 132 (Iowa 1981) (defendant's testimony in his robbery trial sufficed without corroboration to sustain his conviction in a subsequent trial for a controlled substance offense).
 
 
 
 **
 Honorable Harlington Wood, Jr., Senior United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Lopez maintains that he did not draw the gun on the officers. However, he did not testify at the suppression hearing. Therefore, his allegations were not before the district court, and we may not consider them. The uncontroverted evidence at the suppression hearing showed that Lopez drew the weapon from his waistband and was prevented from pointing it at the officers only by Officer Navarro knocking the gun out of his hand