FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 17 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30135 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00247-JCC-1 |
| v. | |
| CURTIS LEE COLEMAN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submitted February 8, 2013
Submission Withdrawn February 12, 2013
Resubmitted May 15, 2013
Seattle, Washington

Before: FISHER, GOULD and PAEZ, Circuit Judges.

Curtis Lee Coleman appeals his conviction for possessing a firearm as a convicted felon, arguing that the district court should have suppressed his gun and his statements about the gun because they were obtained as the result of an unlawful search and seizure. We affirm.

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**1.** The investigatory stop was lawful under *Terry v. Ohio*, 392 U.S. 1, 30 (1968). Based on the totality of the circumstances, the officers had reasonable suspicion to believe Coleman was trespassing or about to trespass on private property.

**2.** Even assuming the officers' attempt to frisk Coleman was unlawful, they did not discover the gun as part of the attempted frisk. When one of the officers began the frisk, Coleman immediately flailed his arms, tried to break away and ran a few feet. Two of the officers brought him to the ground, managed to get him under control and then handcuffed him. Only then did Coleman admit that he had a gun in his pocket, which the officers then recovered.

To assess whether the gun and Coleman's statements are tainted by the alleged illegality of the attempted frisk, *see Wong Sun v. United States*, 371 U.S. 471, 488 (1963), we consider the factors listed in *Brown v. Illinois*, 422 U.S. 590, 603–04 (1975). There is close temporal proximity between the frisk, Coleman's statements and the discovery of the gun. The officers, however, did not engage in flagrant misconduct, and the lawfulness of the attempted frisk is a close question. Most significant is Coleman's effort to break away and attempt to flee, which constitutes a sufficient intervening circumstance to purge the taint of any initial illegality that may have existed. *See United States v. McClendon*, --- F.3d ----,

2

2013 WL 1693958, at *6 (9th Cir. Apr. 19, 2013) (holding that the suspect's "act of walking away from the police after the police made it clear that they were trying to arrest him . . . was an intervening event that purged any taint" from a previous unlawful search of the suspect's backpack); *United States v. Garcia*, 516 F.2d 318, 319–20 (9th Cir. 1975) (holding that the suspect's decision to flee from an arguably unlawful vehicular checkpoint was a sufficient intervening event to purge the taint of any initial illegality). Weighing the *Brown* factors, and in particular the intervening event of Coleman's decision to flee, we conclude that the gun and Coleman's statements were not fruit of the poisonous tree warranting suppression.

**AFFIRMED**.