# IN THE SUPREME COURT OF THE STATE OF NEVADA

FLORENCIO BRITO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 68677

FILED

DEC 16 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of assault with a deadly weapon and resisting a public officer with the use of a deadly weapon. Third Judicial District Court, Lyon County; John Schlegelmilch, Judge. Appellant Florencio Brito argues that Officer Stephanie Haas violated his Fourth Amendment rights when she detained him on his property and then entered his residence without a warrant. He argues that the evidence obtained following his illegal detention should have been suppressed and that the district court erred in denying his motion to suppress and pretrial petition for a writ of habeas corpus. We disagree.

Assuming arguendo that the detention and warrantless entry were unconstitutional and the subsequent arrest was illegal, Brito was not entitled to dismissal of the charges arising from his arrest if his intervening act of assaulting and resisting the arresting officer sufficiently "purge[d] the primary taint" of any prior unconstitutional conduct and permitted admission of evidence of his criminal conduct. *See Wong Sun v. United States*, 371 U.S. 471, 486, 488 (1963) (holding that exclusionary rule does not apply where evidence has come about "by means sufficiently distinguishable to be purged of the primary taint" rather than by

16-39174

exploitation of police illegality). Suppression is not warranted where a defendant's act of resistance to the police constituted a new and independent ground for arrest. *See, e.g., United States v. Dawdy*, 46 F.3d 1427, 1431 (8th Cir. 1995); *United States v. Bailey*, 691 F.2d 1009, 1016-17 (11th Cir. 1982); Wayne R. LaFave, 6 *Search & Seizure: A Treatise on the Fourth Amendment* § 11.4(j) (5th ed. & Supp. 2015) (noting that, generally, suppression will be unavailable when defendant responds to illegal arrest or search by using force against the police officer). Likewise, this court has concluded that flight after an unlawful seizure terminates that seizure and should be considered independently of the illegal police conduct. *State v. Lisenbee*, 116 Nev. 1124, 1130-31, 13 P.3d 947, 951 (2000).

Here, Officer Haas approached Brito's front door with the intent of investigating a battery that occurred several days prior. Officer Haas recognized Brito from surveillance video footage of the battery and remained on the property after Brito told her to move to the property line to continue the discussion. Officer Haas intended to detain Brito pursuant to NRS 171.123. Officer Haas drew her Taser, repeatedly ordered Brito to go to the property line with her and asked him if he wanted to go to jail, and barricaded herself between Brito and his residence. Brito bumped into Officer Haas while pushing past her and into his residence. Officer Haas shot Brito with her Taser and followed immediately into the house. Brito argues that the detention and warrantless entry to this point were unconstitutional. Brito was not initially visible to Officer Haas as she entered. Brito then walked around a corner toward Officer Haas, carrying a long gun that he raised and pointed at her.

Brito's acts of resisting and assault constituted independent and intervening acts that purged the taint of Officer Haas's conduct, *see*

*Wong Sun*, 371 U.S. at 488; *Lisenbee*, 116 Nev. at 1130, 13 P.3d at 951, and even if Officer Haas's detaining Brito and warrantless entry were illegal, her actions cannot be regarded as intended to induce Brito to commit assault and resisting a public officer, *see United States v. Garcia*, 516 F.2d 318, 319-20 (9th Cir. 1975) ("Where a suspect's act is the intended result of illegal police conduct, or ensuing police action, it is likely to prove tainted. But where the illegal conduct of the police is only a necessary condition leading up to the suspect's act, no taint attaches to his conduct; a 'but-for' connection alone is insufficient." (internal citations omitted)).

Lastly, Brito argues that Officer Haas's use of force was excessive, justifying his resistance. Brito mistakenly relies on *Batson v. State*, which addresses the substantive defense of self-defense as to a defendant's use of force against a police officer, 113 Nev. 669, 676 & n.3, 941 P.2d 478, 483 & n.3 (1997); *see also Rosas v. State*, 122 Nev. 1258, 1262, 147 P.3d 1101, 1104 (2006) (holding self-defense instruction warranted where some evidence showed officer assailed defendant), and the district court noted in denying his pretrial habeas petition that Brito could proffer this defense theory to the jury. Brito has offered no authority holding that excessive force per se warrants suppression, and contrary authority is readily available, *see United States v. Ramirez*, 523 U.S. 65, 71 (1998) (stating as dicta that exclusionary rule does not apply to fruits of searches executed with excessive force); *United States v. Collins*, 714 F.3d 540, 544 (7th Cir. 2013) (rejecting claim that excessive force justifies suppression); *United States v. Garcia-Hernandez*, 659 F.3d 108, 114 (1st Cir. 2011) (same). We thus conclude that Brito has not shown that the district court abused its discretion without determining whether

Officer Haas used excessive force. Accordingly, Brito has not shown an entitlement to relief.

Having considered Brito's contentions and concluded that they are without merit, we

ORDER the judgment of conviction AFFIRMED.

_____ , J.
Cherry

_____ , J.                    _____ , J.
Douglas                                          Gibbons

cc:  Hon. John Schlegelmilch, District Judge
     Wayne A. Pederson, P.C.
     Attorney General/Carson City
     Lyon County District Attorney
     Third District Court Clerk