**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 30 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   22-50252 |
| Plaintiff-Appellee, | D.C. No. 2:22-cr-00078-JFW-1 |
| v. | |
| JUAN MANUEL GUTIERREZ, AKA Takeloko, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted November 16, 2023
Pasadena, California

Before:  RAWLINSON, HURWITZ, and OWENS, Circuit Judges.
Concurrence by Judge HURWITZ.

Juan Gutierrez appeals from his conviction and sentence for possession of a

machine gun in violation of 18 U.S.C. § 922(o)(1).  He asserts that the evidence

underlying this conviction was the product of an unlawful seizure and search.  "We

review the district court's denial of a motion to suppress de novo and the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

underlying factual findings for clear error." *United States v. Zapien*, 861 F.3d 971, 974 (9th Cir. 2017) (per curiam) (alteration omitted). As the parties are familiar with the facts, we do not recount them here. We affirm.

1. The officers' stop of Gutierrez did not violate the Fourth Amendment. Gutierrez alleges that the stop began "when the officers activated their forward-facing lights and siren to detain him" because they believed he was violating California Vehicle Code § 21956(a). He argues that the officers lacked reasonable suspicion to support the stop "as of that moment" because they could not reasonably have believed he was violating California traffic law. Assuming but not deciding that the stop began at that moment, and that the officers could not reasonably have suspected a traffic violation, immediately intervening circumstances "purged" any "taint" arising from the initial stop, *United States v. Garcia*, 516 F.2d 318, 319 (9th Cir. 1975) (citation omitted), and provided "independent reasonable suspicion" to "prolong" it, *United States v. Evans*, 786 F.3d 779, 788–89 (9th Cir. 2015).

Almost immediately after the officers activated their lights and siren, the officers observed a package of fireworks, and Gutierrez's companion attempted to flee. The district court found that Gutierrez admitted that he was there to buy fireworks from his companion and indicated that the other package of fireworks—a different type of fireworks from those possessed by his companion—belonged to

2

him.  Gutierrez has not proven that the district court's findings to this effect were clearly erroneous.

The flight of Gutierrez's companion was "voluntary conduct" that was "probative of criminal activity."  *Garcia*, 516 F.2d at 319–20 (citation omitted). Moreover, possession of fireworks violates Long Beach Municipal Code § 18.48.01, and the sale of fireworks violates California Health and Safety Code § 12676.  Therefore, the totality of the circumstances presented independent reasonable suspicion that Gutierrez was committing a crime.

2.  The warrantless search of Gutierrez's truck also did not violate the Fourth Amendment because the officers had probable cause to search Gutierrez's truck for fireworks.  *See Carroll v. United States*, 267 U.S. 132, 149 (1925).  Gutierrez told the officers that the truck belonged to him, that he was there to buy fireworks from his companion, and that the other fireworks at the scene were his.  These circumstances provided probable cause for the officers to believe Gutierrez was in possession of fireworks and might have more in his truck.

**AFFIRMED.**

*United States v. Gutierrez*, No. 22-50252

HURWITZ, Circuit Judge, concurring in the result:

I agree with the majority that Guetierrez's conviction should be affirmed but arrive at that conclusion by a somewhat different route than my colleagues.

In my view, the seizure of Gutierrez occurred after he complied with the officer's command to place his hands on the hood of the police car. *See California v. Hodari D.*, 499 U.S. 621, 626 (1991) (stating that a seizure "requires *either* physical force" or "*submission* to the assertion of authority"). There was no physical force in this case, and the videos from the officers' body cameras demonstrate that Gutierrez "did not submit in any realistic sense" to a show of authority before that point. *United States v. Smith*, 633 F.3d 889, 893 (9th Cir. 2011). Rather, he was on the phone and looking down as the police car pulled up and responded "huh" as an officer approached him and first instructed him to place his hands on the hood.

Before the officers seized Gutierrez, they saw illegal fireworks and open containers of alcohol in plain view in the alley, and Gutierrez's companion fled. This provided at least reasonable suspicion that criminal activity was afoot, allowing the officers to detain Gutierrez and inquire further. Gutierrez then promptly volunteered that the illegal fireworks were his. This admission provided probable cause to search his car. *See United States v. Brooks*, 610 F.3d 1186, 1193 (9th Cir. 2010).